OPINION
Robert E. Banks, Jr. was charged with driving with a prohibited blood alcohol concentration, in violation of R.C.4511.19(A)(3), and a "marked lanes" violation, as proscribed by § 331.24 of the Fairborn ordinances. After unsuccessfully moving to suppress evidence, Banks entered no contest pleas to the charges. The trial court found Banks guilty and made appropriate dispositions. On appeal, Banks advances the following assignment of error:
 THE TRIAL COURT COMMITTED AN ABUSE OF DISCRETION IN FAILING TO SUSTAIN THE SUPPRESSION MOTION BECAUSE THE STATE FAILED TO PROVE THAT THE OFFICER STOPPED THE CAR BASED ON PROBABLE CAUSE THAT THE DRIVER HAD COMMITTED A TRAFFIC OFFENSE.
The sole witness at the suppression hearing was Fairborn Police Officer Willard Watts. His testimony was ably summarized by the traffic magistrate in her decision on the motion to suppress. Because the magistrate's summary is amply supported by the record and cannot be improved upon by us, we reproduce that portion which is germane to this appeal:
 Based upon the evidence presented, the Magistrate finds that on January 23, 1999 at approximately 8:20 p.m. Officer Watts of the Fairborn Police Department was proceeding westbound on Colonel Glenn Highway in the City of Fairborn, Ohio, when he observed a vehicle directly in front of him travel left of the double yellow lines by approximately 2-1/2 to 3 feet for approximately 10-15 yards almost causing a head-on collision with a vehicle traveling in the opposite direction. The accident was avoided due to the driver of the other vehicle successfully swerving to avoid the accident. The vehicle then returned to its lane of travel and continued proceeding westbound. When approaching a red light at the intersection of Colonel Glenn Highway and Ravenwood, the Defendant's vehicle skidded to a stop barely avoiding a rear-end collision with a stopped vehicle. After proceeding through the intersection and turning right onto University Boulevard, Officer Watts activated his lights and stopped the Defendant's vehicle.
The testimony further established that upon approaching Banks, Officer Watts observed the classic indicia of alcohol impairment. After observing Banks' poor performance on three field sobriety tests, Officer Watts arrested Banks for driving under the influence of alcohol.
As to the stop, the magistrate concluded that Officer Watts had a reasonable and articulable suspicion that Banks had committed a "marked lanes" violation that justified the traffic stop.
At the outset, we note that Banks' assignment of error incorrectly refers to "probable cause" as the evidentiary standard that must be satisfied to justify a traffic stop. The correct standard is that the officer "possessed an articulable reasonable suspicion that a traffic violation had occurred or was occurring." See State of Ohio v. Kim Cross (May 14, 1999), Montgomery App. No. 17316, unreported at pp. 2-3. The magistrate here utilized the correct standard.
Banks first argues that Officer Watts lacked "probable cause" (correctly stated as "a reasonable articulable suspicion") that he had committed a "marked lanes" violation. R.C. 4511.33(A), which Banks quotes and thus implies that Fairborn ordinance § 331.24 parallels, provides:
 Whenever any roadway has been divided into two or more clearly marked lanes for traffic, or wherever within municipal corporations traffic is lawfully moving in two or more substantially continuous lines in the same direction, the following rules apply:
 (A) A vehicle or trackless trolley shall be driven, as nearly as is practicable, entirely within a single lane or line of traffic and shall not be moved from such lane or line until the driver has first ascertained that such movement can be made with safety.
In our judgment, the facts of this case do not support a serious contention that it was not practicable for Banks to remain in his own lane or that he only crossed the double yellow line after having ascertained that he could safely do so.
Furthermore, the facts of this case supported not only a reasonable articulable suspicion — if not probable cause — of a marked lanes violation but also a reasonable articulable suspicion of driving under the influence of alcohol.
Apparently recognizing the futility of his first argument, Banks next contends that Officer Watts' testimony about the marked lanes violation was not worthy of belief because any reasonable police officer would have immediately stopped a motorist after observing a marked lane violation that nearly caused a head-on collision. We fail to understand how Officer Watts' failure to stop Banks immediately after observing a marked lanes violation renders his testimony about that violation unbelievable. In any event, this argument — for whatever it is worth — should have been, but was not, advanced in the trial court.
The assignment of error is overruled.
The judgment will be affirmed.
GRADY, P.J. and BROGAN, J., concur.
Copies mailed to:
Michael A. Mayer
John H. Rion
Hon. Catherine M. Barber